UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PERICLES COSSEBOOM,
A resident and citizen of Nevada,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD, a
Liberian Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PERICLES COSSEBOOM, a resident and citizen of Nevada, sues Defendant ROYAL CARIBBEAN CRUISES LTD, a  Liberian Corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff  PERICLES COSSEBOOM is sui juris and is a resident and citizen of the State of Nevada.

3.     The Defendant ROYAL CARIBBEAN CRUISES LTD. (RCL) is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.  RCL accordingly is a citizen both of Liberia and of Florida for jurisdictional purposes.

4.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties.  The Plaintiff is a citizen and resident of Nevada, the

COSSEBOOM v RCCL

Defendant is a citizen of Liberia and Florida for jurisdictional purposes, and the claim is for an amount exceeding the minimum jurisdictional amount of $75,000.00.  The damages alleged in Paragraph 13 support an award of damages in excess of $75,000.00.

5.      At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.      At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7.      In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.      Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9.      Plaintiff has complied with all conditions precedent to bringing this action.  The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship.  Furthermore, the Plaintiff gave the Defendant timely written notice of the claim as required by the ticket contract on December 11th 2018, which was acknowledged in writing by the Defendant on December 12th 2018.  A copy of the written notice of claim is attached as Exhibit 1.

COSSEBOOM v RCCL

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     At all material times, the Defendant RCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "OVATION OF THE SEAS."

11.     At all material times, including the accident date of November 28th 2018, the Plaintiff was a fare paying passenger aboard the OVATION OF THE SEAS and in that capacity was lawfully present aboard the vessel.

12.     On or about November 28th 2018, during a heavy rain and strong windstorm, the Plaintiff was directed by Defendant crewmembers to disembark the ship at that time from a steep ramp on Deck 5 to the terminal gangway.  The Plaintiff suffered from preexisting ankylosing spondylitis. The Plaintiff required and was operating a mobility scooter. The Plaintiff was told that he would be assisted by crew during the disembarkation process.  A crew member told the Plaintiff to proceed across the ramp.  As the Plaintiff accelerated up the disembarkation ramp his mobility scooter tipped over and the Plaintiff fell onto the deck, thereby sustaining serious injuries.

13.     As a direct and proximate result of the fall described above, the Plaintiff was injured in and about his body and extremities, including aggravation or activation of his preexisting ankylosing spondylitis condition along with other injuries including pulmonary embolisms, deep vein thrombosis, and an episode of cardiac arrest; he suffered pain therefrom, mental anguish, disfigurement, aggravation of his disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses as a result of his

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

injuries.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE OF GANGWAY

14.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above.

15.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the ramp where Plaintiff fell in a reasonably safe condition. This included a duty to maintain the ramp surface in an even, dry and safely leveled condition, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff.  The duty of ramp maintenance included the responsibility to inspect the ramp for slipperiness due to rainwater, misleveled or uneven unsafe conditions and timely to correct those conditions when they occurred.

16.     At all material times the gangway surface where the Plaintiff fell was in a high traffic area since it was specifically designated for embarkation and disembarkation of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being steep, unleveled, and wet because of  ambient weather conditions. No alternative embarkation or disembarkation options were available to Plaintiff.

17.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to maintain the ramp in a dry, not steep, safely even or leveled condition and knew or in the exercise of reasonable care should have known of the slip and fall risks to passengers disembarking the vessel, such as the Plaintiff, created by wet, steep

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

misleveling or uneven ramp surface. The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway ramps,  prior slip and fall instances on wet, uneven or misleveled ramps, industry standards regarding ramps and gangways, the recurring nature of the conditions, knowledge of weather conditions which would increase the risks to passengers, the length of time the ambient conditions had existed before the Plaintiff fell.

18.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the ramp in a reasonably safe condition and thereby to correct the dangerously wet, unreasonably steep, misleveled or uneven condition of the ramp, by adjusting the positioning of the ramp, covering it to protect it from rain and resulting wetness, or otherwise. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

19.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff lost control of his scooter and fell as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

20.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

21.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff adequately of any slip  and fall risks created by the condition of the ramp, including excessive steepness of its slope, unevenness or misleveling, or wetness due to inclement weather such as rain and wind, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff.

22.     At all material times the ramp surface where the Plaintiff fell was in a high traffic area specifically designated for embarkation and debarkation of cruise ship passengers and was in a condition dangerous to passengers using the gangway ramp, including the Plaintiff, due to the inclement rainy weather and resulting wetness of the ramp, as well as the ramp's being too steep, uneven and/or unleveled to be used safely without crewman assistance to prevent a fall.

23.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the slip and fall risks to passengers boarding the vessel, such as the Plaintiff, as specified in the preceding paragraph.  The Defendant's actual or constructive knowledge was derived from its knowledge of the weather conditions, knowledge of the steep slope of the ramp, prior slip and fall instances on wet, uneven or misleveled ramps and gangways, industry standards regarding ramps and gangways, the recurring nature of the conditions, the length of time the conditions had existed before the Plaintiff fell, or other sources of knowledge.

24.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the risks to passengers including the Plaintiff posed by the inclement weather conditions and resulting wetness of the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

ramp, the steepness of the ramp, and the misleveled or uneven condition of the ramp,  through

adequate signage, oral warnings, or otherwise.

25.     As a direct and proximate result of the Defendant's negligence as described above

the Plaintiff lost control of his scooter and fell as alleged in Paragraph 12 above and has

sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory

damages and the costs of this action.

<u>**COUNT III – OPERATIONAL NEGLIGENCE -**</u>
<u>**BREACH OF DUTY OF AID AND ASSISTANCE**</u>

26.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of

paragraphs 1-13 above.

27.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger

lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to

offer reasonable aid and assistance to passengers actually or constructively known to be ill or

injured.  This duty included the duty to take reasonable steps to offer necessary assistance to

disabled passengers embarking and disembarking Defendant's vessel through ramps and

gangways, in order to ensure safe embarkation and disembarkation for those passengers

including the Plaintiff.

28.     At all material times the ramp surface where the Plaintiff fell was in a high traffic

area specifically designated for ingress and egress of cruise ship passengers and was in a

condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

inclement weather conditions resulting in wetness on the ramp, the steepness of the ramp, and the uneven and/or misleveled condition of the ramp.

29.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to offer assistance to disabled passengers embarking or disembarking its vessel through the ramp and gangway and knew or should have known of the slip and fall risks to passengers embarking or disembarking the vessel, such as the Plaintiff, created by inclement weather and resulting wetness of the ramp, the steepness of the ramp, and the unevenness or misleveling of the ramp surface.  The Defendant's actual or constructive knowledge was derived from its awareness of the inclement weather conditions and resulting wetness of the ramp, prior slip and fall instances on ramps with too steep a slope and uneven or misleveled ramps and gangways, industry standards regarding ramps and gangways, the length of time the conditions had existed, their recurring nature, or other sources of knowledge.

30.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the Plaintiff's disability and resulting particular need for assistance in embarkation and disembarkation, due to the Plaintiff's visibly sitting in and operating a mobility scooter, and accordingly knew or should have known that the Plaintiff had limited mobility and would require additional assistance, beyond that offered to other passengers without the Plaintiff's limited mobility, in navigating the ramp and thereby embarking or disembarking the ship.

31.     Notwithstanding Defendant's actual or constructive knowledge both of the dangerous condition of the ramp where Plaintiff fell and Plaintiff's particular need for assistance, as alleged above, the Defendant failed before the time of the Plaintiff's injury to take reasonable

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

measures to assist the Plaintiff in disembarking the vessel under the prevailing conditions, including a failure to provide adequate monitoring of his progress while using the scooter and stabilization of the scooter through the use of spotters or otherwise.  The Defendant thereby failed to exercise reasonable care for the safety of the Plaintiff and was thereby negligent.

32.      As a direct and proximate result of the Defendant's negligence as described above the Plaintiff lost control of his scooter and fell as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT IV –NEGLIGENT FAILURE TO
## SUSPEND, DELAY OR STOP DISEMBARKATION

33.      The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above.

34.      At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain safe ingress and egress to and from the Defendant's vessel through ramps and gangways during inclement weather conditions in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff.  This duty of reasonable care included a duty to delay, stop or suspend embarkation or disembarkation procedures under conditions such as inclement weather in which those procedures would be dangerous for passengers.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

35.    At all material times the ramp surface where the Plaintiff fell was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to inclement weather conditions, specifically rain and wind causing the ramps used for disembarkation to be wet and slippery and thereby unsafe for passengers to traverse.

36.    At all material times the Defendant knew or should in the exercise of reasonable care have known of the hazard posed to passengers disembarking its vessel during a rain and wind storm through the ramps and gangways and knew or should have known of the slip and fall risks to passengers embarking or disembarking the vessel, such as the Plaintiff, created by such inclement weather.  The Defendant's actual or constructive knowledge was derived from its awareness of inclement weather conditions, prior slip and fall instances on ramps and gangways with slippery and wet substances on them, industry standards regarding ramps and gangways, the length of time the ambient conditions had existed, their recurring nature, or other sources of knowledge.

37.    Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell due to the ambient weather conditions and resulting wetness and slipperiness of the ramp, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to delay or suspend embarkation and disembarkation procedures or to stop passengers, including the Plaintiff, from disembarking the vessel until such time as the slip and fall hazard created by inclement wet weather had cleared and the ramps and gangways had been dried and made safe for disembarking.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

38.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff lost control of his scooter and fell as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT V – NEGLIGENT FAILURE TO PERFORM
## VOLUNTARILY UNDERTAKEN DUTY OF ASSISTANCE

39.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-13 above.

40.     The Defendant at all material times had actual or constructive knowledge, through observation of the Plaintiff, communications from the Plaintiff, or otherwise, of the Plaintiff's disability requiring his use of a mobile scooter for traveling.  The Defendant also had actual or constructive knowledge of the ambient weather conditions resulting in the wetness and slipperiness of the ramp on Deck 5 used for embarkation, as well as the steepness and uneven or misleveled condition of the ramp.  The Defendant's crew, with that actual or constructive knowledge, was expressly requested by the Plaintiff and his wife to assist the Plaintiff during the disembarkation process.

41.     With the actual or constructive knowledge outlined in the preceding paragraph, the Defendant voluntarily undertook a duty to assist the Plaintiff in the embarkation process through the use of spotters and otherwise.  The Plaintiff was told by the Defendant's crew that he would be assisted by the Defendant's crew as requested, with spotters to be posted in front and back of his scooter.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

42.     At all material times, the Plaintiff relied on the Defendant's undertaken duty of assistance by proceeding up the ramp when directed to do so.

43.     When Plaintiff was directed by crew to proceed up the ramp, the Defendant's crew did not post spotters or assist him as promised and thereby breached its undertaken duty of assistance and was negligent.

44.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff lost control of his scooter and fell as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 27th day of January, 2020.

> *s/NICHOLAS I. GERSON*
> NICHOLAS I. GERSON
> Bar Number No. 0020899
> ngerson@gslawusa.com
> Filing@gslawusa.com
> cbenedi@gslawusa.com
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> mmurphy@gslawusa.com
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> DAVID MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> RAUL GABRIEL DELGADO, II
> Florida Bar No. 94004

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

COSSEBOOM v RCCL

rdelgado@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:      (305) 371-6000
Facsimile:      (305) 371-5749
Attorneys for Plaintiffs